J-S18029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| JEREMY ELLIS SAWYER | : |
| | : |
| Appellant | : No. 1480 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 10, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003699-2024

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED: JULY 17, 2026**

Jeremy Ellis Sawyer ("Sawyer") appeals from the judgment of sentence imposed by the Berks County Court of Common Pleas ("trial court") following his convictions of persons not to possess, use, manufacture, control, sell, or transfer firearms, and possession of a controlled substance.[1]  On appeal, Sawyer challenges the sufficiency of the evidence supporting his firearm conviction.  Upon review, we affirm.

On October 14, 2024, Terina Kurtz ("Kurtz") called the police and requested a welfare check for Sawyer, her former boyfriend, after he told her he was seeing people in the yard.  N.T., 10/10/2025, at 12.  Police arrived at Sawyer's residence and reported he was agitated because he was seeing

---

[1]  18 Pa.C.S. § 6105(a)(1), 35 P.S. § 780-113(a)(16).

people trespassing on the property. *Id.* at 13, 16. Sawyer proceeded to show police the photos he took of the trespassers; however, the photos were completely black. *Id.* at 13, 15. Sawyer continued to insist there were people in the photos. *Id.* at 13. The police asked Sawyer if they could search the residence to ensure there were no trespassers. *Id.* at 16-17. Sawyer gave the police permission to enter the home. *Id.* at 16. They asked him if there was anything inside the home that posed a risk to officer safety, like a firearm. *Id.* at 17. Sawyer indicated there was a rifle in the living room. *Id.* at 17, 20. The police found the .22 caliber rifle in the living room, situated against furniture with the muzzle pointed up towards the ceiling. *Id.* at 20.

The police also discovered a white powdery substance on the nightstand in the bedroom, which Sawyer admitted was cocaine and lab results later confirmed. *Id.* at 24-25, 27. After a criminal history check conducted in the police vehicle, they discovered Sawyer had been convicted of robbery and criminal conspiracy to commit robbery in 2007, making him ineligible to possess, use, manufacture, control, sell or transfer a firearm. *Id.* at 28, 39; *see also id.* at 47-48 (wherein Sawyer admitted that he knew he was not permitted to possess a firearm because of his prior conviction).

The police proceeded to provide *Miranda*[2] warnings to Sawyer. *Id.* at 20, 28, 31. Thereafter, Sawyer stated that he found the rifle in the bedroom

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

closet. *Id.* at 20. He told police that the rifle belonged to Kurtz, and that he had moved it from the bedroom to the living room with Kurtz's other belongings for her to pick up. *Id.* at 20, 47-48, 52. Sawyer claimed Kurtz left their shared home and she never retrieved her belongings, which included the firearm. *Id.* at 48.

The Commonwealth charged Sawyer with the aforementioned crimes. The case proceeded to a bench trial, at which Trooper Richard Carpenter, Kurtz, and Sawyer testified. Relevantly, Kurtz testified she inherited the rifle in 2006 and when she and Sawyer broke up, she left it in the home along with other belongings. *Id.* at 28-29, 31-32, 43. She stated that they had been in a relationship for nineteen years and she left their shared residence in August 2024. *Id.* at 41, 44. Kurtz explained that she "had to get out quick," so she was unable to get her belongings, including the gun, at the time she left. *Id.* at 44. Kurtz admitted she did not inform Sawyer that she was leaving. *Id.* She further emphasized she "was not permitted" to go back to the residence to collect her remaining belongings. *Id.* at 42. Kurtz additionally noted that rifle had been in the various homes she had lived in with Sawyer. *Id.* at 43. In his testimony, on the other hand, Sawyer claimed he did not know the rifle was in the home until after Kurtz left and he was packing up her remaining items. *Id.* at 48.

On October 10, 2025, the trial court found Sawyer guilty of both offenses and sentenced him to three-and-a-half to seven years in prison.

Sawyer filed a timely notice of appeal and a concise statement of matters complained of pursuant to Pa.R.A.P. 1925(b).

On appeal, Sawyer raises the following issues for our review:

1. Did the [trial c]ourt commit error when it found [Sawyer] guilty of possession of a firearm, when the firearm was the property of [Sawyer's] former girlfriend and it was separated from his own possessions and placed with the group of personal property of his former paramour[?]

2. Pursuant to the provisions of 18 Pa.C.S.[] § 6105(a)(2), was it lawful to find [Sawyer] [guilty] of a violation of § 6105(a) for his possession of a firearm when testimony was denied by the court as to how long he [had] possession of the [rifle], if at any time at all?

Sawyer's Brief at 7 (cleaned up).

Sawyer argues there is insufficient evidence to support his firearm conviction. *Id.* at 10-12. He emphasizes that the rifle belonged to Kurtz, and he had no intention of possessing it. *Id.* at 10, 11. Sawyer states he put the rifle with Kurtz's other belongings awaiting pick up, establishing he sought no control over her belongings, including the firearm. *Id.* at 10-12; *see also id.* at 11 (noting that no evidence was presented that his fingerprints were on the rifle). He further notes the police were not at his home based on an allegation that he used or threatened to use the rifle. *Id.* at 12.

Our Court's standard of review of a challenge to the sufficiency of the evidence is well settled:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all

- 4 -

reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness'[] testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Rosario*, 307 A.3d 759, 764-65 (Pa. Super. 2023) (citation omitted).

Pennsylvania law prohibits certain persons from possessing, using, manufacturing, controlling, selling, or transferring firearms:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

"[P]ossession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." *Commonwealth v. Mumford*, 353 A.3d 247, 257 (Pa. Super. 2026) (citations and quotation marks omitted). "We have defined constructive possession as conscious dominion, meaning that the defendant has the power

- 5 -

to control the contraband and the intent to exercise that control." **Id.** (citation and quotation marks omitted). "[C]onstructive possession may be established by the totality of the circumstances" and "proven by circumstantial evidence." **Mumford**, 353 A.3d at 257-58 (citations and omitted). "In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue." **Commonwealth v. Wright**, 255 A.3d 542, 553 (Pa. Super. 2021).

Further, "[t]he fact that another person may also have control and access does not eliminate the defendant's constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband." **Mumford**, 353 A.3d at 258 (citation omitted). "[A] defendant's mere presence at a place where contraband is found … is insufficient, standing alone, to prove that he exercised dominion and control over those items." **Wright**, 255 A.3d at 553 (citation omitted). "[K]nowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and his constructive possession." **Id.**

The trial court found the evidence sufficient to support Sawyer's firearm conviction:

> While [Sawyer] was not the owner of the rifle located at the residence, he did have constructive possession of the rifle. The rifle was originally located in a closet in the residence owned by [Sawyer] and had been handled and moved by [Sawyer] when he

- 6 -

was packing Kurtz's belongings and placing them in the sunroom. [Sawyer] had knowledge of the firearm being in the residence and had physical control of the firearm when he knew he was a person not to possess a firearm. Further, the firearm was located in an area of the residence which [Sawyer] had access to.

The evidence presented that [Sawyer] moved the firearm from the closet…. Testimony at trial also showed that the firearm had been in the residence, along with all other homes [Sawyer] lived in with Kurtz, during the course of their relationship is all evidence which the judge could have used to have determined that all of the elements of persons not to possess use, manufacture, control, sell or transfer firearms were established beyond a reasonable doubt.

[Sawyer] has multiple prior convictions dating back to 2007. [Sawyer] was convicted in 2007 of [r]obbery and sentenced in 2008. … Therefore, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to establish that [Sawyer] possessed a firearm while prohibited from doing so. He is not entitled to relief.

Trial Court Opinion, 1/13/2026, at 7.

We agree with the trial court's reasoning. Viewing the evidence in the light most favorable to the Commonwealth, the record establishes that Sawyer constructively possessed the firearm. As stated above, Sawyer admitted his prior conviction and that he was ineligible to have a gun. Further, the trial court, as the factfinder, was free to reject Sawyer's testimony that he did not intend to possess the rifle. *See Commonwealth v. McIntyre*, 333 A.3d 417, 434 (Pa. Super. 2025) (noting the factfinder was free to reject appellant's claim that he had no intention of possessing the weapon at issue). Here, Sawyer was not merely present at the home where the rifle was found; he lived in the home, which he previously shared with Kurtz, and admitted to

physically moving the rifle from the bedroom closet to the living room after she had moved out in August 2024. Additionally, when the police asked to search the home, Sawyer directed them to the location of the rifle, which the police observed in plain view.

Contrary to Sawyer's argument that he did not exercise control over the rifle because he intentionally placed it with the other items for Kurtz to pick up, the fact that Kurtz may also have access to and ownership of the rifle does not negate Sawyer's constructive possession. **See Commonwealth v. Hopkins**, 67 A.3d 817, 820-21 (Pa. Super. 2013) ("[I]t is possible for two people to have joint constructive possession of an item of contraband."). Sawyer had access to this common area of the home, knowledge of the rifle, and did in fact exercise control over it by moving it from one room to another. Therefore, the evidence is sufficient that Sawyer constructively possessed the firearm when he was prohibited from doing so. **See McIntyre**, 333 A.3d at 433-34 (concluding factfinder could infer constructive possession where the defendant found a firearm owned by another within the home and had access and control to where the contraband was recovered).

Sawyer also argues the Commonwealth did not meet its burden of proof that he possessed the rifle for the requisite sixty days under the statutory language. Sawyer's Brief at 11-12. Sawyer relies on language in 18 Pa.C.S. § 6105(a)(2)(i), which provides the following:

> Except as otherwise provided in this paragraph, a person who is prohibited from possessing, using, controlling, selling, transferring

or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

18 Pa.C.S. § 6105(a)(2)(i).

Preliminarily, Sawyer did not raise the issue of the sixty-day allowance period in his Rule 1925(b) concise statement; thus, the issue is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii). Nonetheless, even if preserved, this claim is meritless. The date of disability begins to run on the date of his prior conviction, not the date he comes into possession of a firearm. ***See Commonwealth v. Appleby***, 856 A.2d 191, 194 (Pa. Super. 2004) (finding "imposition of the disability" commences at the time of conviction) (citation omitted). Sawyer was convicted of robbery and criminal conspiracy to commit robbery in 2007. N.T., 10/10/2025, at 39, 58. Thus, even if not waived, this argument does not entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/17/2026

- 9 -